# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

EMILIO AYALA,

                    Petitioner,    :        Case No. 2:25-cv-1456

  - vs -                            District Judge Michael H. Watson
                                      Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
  Belmont Correctional Institution,

                                :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case pursuant to 28 U.S.C. § 2254 was brought *pro se* by Petitioner Emilio Ayala to obtain relief from his conviction in the Cuyahoga County Court of Common Pleas on two counts of rape, one count of gross imposition, and one count of sexual battery (Petition, ECF No. 1, PageID 2).  The case is ripe for decision upon the Petition, the State Court Record (ECF No. 4) and the Return of Writ (ECF No. 5).  The Court set a deadline of March 5, 2026, for Petitioner to file a Reply/Traverse and reminded Petitioner of that deadline (ECF No. 6), but he has not filed a reply.

**Litigation History**

On October 2, 2023, a Cuyahoga County Grand Jury returned an indictment charging Ayala with five counts of rape in violation of Ohio Revised Code §  2907.02(A)(1)(b), (Counts 1,

1

4, 6, 7 and 9); one count of gross sexual imposition in violation of Ohio Revised Code § 2907.05(A)(4), (Count 2); and four counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(4) (Counts 3, 5, 8 and 10)(State Court Record, ECF No. 4, Ex. 1).  Having pleaded not guilty at arraignment, Ayala later changed his plea to guilty to the pleaded guilty to two counts of rape, one count of gross sexual imposition and one count of sexual battery. *Id.* at Ex. 3.  He was then sentenced to twenty-three years imprisonment.  *Id.* at Ex. 4.

Ayala appealed to the Ohio Eighth District Court of Appeals pleading two assignments of error.  The Eighth District affirmed the conviction.  *State v. Ayala*, 2025-Ohio-743 (Ohio App. 8th Dist. Mar. 25, 2025).  The Ohio Supreme Court granted Ayala leave to file a delayed appeal, but then declined to exercise jurisdiction.  *State v. Ayala,* 179 Ohio St. 3d 1679 (2025).

**The Petition**

Ayala then timely filed his Petition in this Court by placing it in the prison mail system December 12, 2025.  He pleads the following grounds for relief:

> **Ground One:** Consecutive Sentence is Unconstitutional Where The Trial Court Fails To Make All Required Findings Pursuant To R.C. 2929.14(C)(4) And Fails To Set Forth Evidence To Support Its Findings In imposing Consecutive Sentences
>
> **Supporting Facts:** In imposing consecutive sentences, the trial court failed to make all of the required statutory findings under R.C. 2929.14(C)(4) as well as failed to set forth evidence from the record to support its findings, which resulted in an unconstitutional sentence violating Mr. Jones' constitutionally guaranteed rights provided by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Art. I, Sec. of the Ohio Constitution.

2

**Ground Two:** Petitioner was deprived his right to due process and effective assistance of counsel under the Sixth Amendment to the United States Constitution and Art. 1, 10 of the Ohio Constitution.

**Supporting Facts:** Petitioner argues that he received ineffective assistance of trial counsel when his attorney "failed to properly present mitigatory evidence for the trial court's consideration at sentencing." Specifically, Petitioner argues that his trial counsel "was ineffective by failing to ensure all this mitigatory evidence was properly provided to the court for consideration and also for not including it as part of the record."

**Ground Three**: The State Court of Appeals violates an Appellant's right to meaningful appellate review and its obligations pursuant to R.C. 2953.08(g)(2) when it fails to conduct the proper *de novo* review in determining whether the trial court made all required findings under R.C. 2929.14(C)(4) and whether the record contains an evidentiary basis sufficient to support each required finding.

**Supporting Facts:** The Eighth District Court of Appeals violated Petitioner's right to meaningful appellate review and its obligations pursuant to R.C. 2953.08(G)(2) when it failed to conduct the proper *de novo* review in determining whether the trial court made all required findings under R.C. 2929.14(C)(4) and whether the record contains sufficient evidentiary basis to support such findings in imposing consecutive sentences upon Petitioner.

(Petition, Doc. 1, PageID 6-9).

**The Return of Writ**

Respondent asserts Petitioner's Grounds One and Three are not cognizable in habeas corpus because they raise only questions of state law which are not reviewable in habeas corpus (Return, ECF No. 5, PageID 289-92).  Ground Two, Respondent asserts, is without merit.

As noted above, Petitioner has not filed a reply/traverse.

3

# Analysis

**Ground One:  Consecutive Sentences in this Case are Unconstitutional**

In his First Ground for Relief, Petitioner asserts the consecutive sentences imposed on him in this case are unconstitutional because the trial court did not make the findings required by Ohio Revised Code § 2929.14(C)(4), nor was there evidence of record to support any such findings. Ayala does not state which of his constitutional rights the consecutive sentences allegedly violated.

On appeal to the Eighth District, Ayala made a parallel claim under Ohio Revised Code § 2929.14.  The Eighth District, without mentioning any constitutional issues, found the trial court had complied with this statute.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

On questions of interpretation of state statutes such as Ohio Revised Code § 2929.14, this Court is bound by the interpretation given by the state courts.  *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a

4

state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Even if the Ohio courts had found a violation of Ohio Revised Code § 2929.14, that would not amount to a federal constitutional violation. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Petitioner's Ground One fails to state a claim upon which habeas corpus relief can be granted and should be dismissed on that basis.

**Ground Two:  Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief, Ayala claims he received ineffective assistance of trial counsel when his trial attorney did not present to the trial court what Ayala refers to as mitigating evidence for sentencing and also failed to include it in the record for appeal.

 The governing standard for ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the

> deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

To prevail on an ineffective-assistance-of-counsel claim, a movant must establish that (1) counsel's performance was deficient and (2) the deficiency resulted in prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Shimel v. Warren*, 838 F.3d 685, 696 (6th Cir. 2016).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland,*

6

*supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

Ayala presented a claim of ineffective assistance of trial counsel to the Eighth District on direct appeal and that court decided the claim as follows:

> {¶ 26} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697. *See also State v. Bradley,* 42 Ohio St.3d 136 (1989).

> {¶ 27} In Ayala's second assignment of error, he argues that he received ineffective assistance of trial counsel when his attorney "failed to properly present mitigatory evidence for the trial court's

consideration at sentencing." Specifically, Ayala argues that his trial counsel "was ineffective by failing to ensure all this mitigatory evidence was properly provided to the court for consideration and also for not including it as part of the record."

{¶ 28} First, we note that "mitigatory evidence" is not an express factor to be considered under R.C. 2929.14(C)(4) when imposing consecutive sentences. Second, the Ohio Supreme Court has held that the "decision to forgo the presentation of additional mitigating evidence does not itself constitute proof of ineffective assistance of counsel." *State v. Keith*, 79 Ohio St.3d 514, 536 (1997).[footnote omitted]

{¶ 29} Third, it is undisputed that the mitigating evidence that Ayala refers to in this assignment of error was not made part of the record in the trial court and, thus, is not part of the record on appeal. "It is well settled that '[a]ppellate review is strictly limited to the record.' " *State v. Moon*, 2014-Ohio-108, ¶ 12 (8th Dist.), quoting *State v. Ellis*, 2009-Ohio-4359, ¶ 6 (8th Dist.). "A reviewing court cannot add material to the appellate record and then decide the appeal on the basis of the new material." *Moon* at ¶ 12. *See also State v. Curtis*, 2008-Ohio-916, ¶ 8 (8th Dist.) (holding that "when allegations of ineffective assistance of counsel hinge on facts not appearing in the record, the proper remedy is a petition for postconviction relief rather than direct appeal").

{¶ 30} Fourth, as to the prejudice prong of an ineffective assistance of counsel claim, Ayala summarily argues in his appellate brief that "[i]f the [trial] court had considered the records, it is reasonably probable that a lesser sentence would have been imposed." However, Ayala also argues in his appellate brief that, because the mitigating evidence is not part of the record, he "is deprived [of] a full and fair appellate review that would otherwise rightfully consider whether the [mitigating evidence] would have had any reasonable probability of changing the sentence the trial court imposed ...." In other words, Ayala has failed to show how his trial counsel's performance prejudiced him in this case.

{¶ 31} Accordingly, Ayala's second assignment of error is overruled.

*State v. Ayala, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the

8

United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).

The Eighth District was plainly aware of the governing Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984).  Ayala has made no attempt to show that the Eighth District's decision is somehow an objectively unreasonable application of *Strickland*, and the Magistrate Judge concludes it is not.  Furthermore, this Ground for Relief is procedurally defaulted by Petitioner's unexplained failure to submit the missing mitigating evidence to the Common Pleas Court in a petition for postconviction relief under Ohio Revised Code § 2953.21 which provides a remedy for constitutional violations based on evidence outside the record.

Ground Two should therefore be dismissed on the merits.

**Ground Three:  Improper Appellate Review**

In his Third Ground for Relief, Petitioner claims the Eighth District failed to provide *de novo* review of his consecutive sentences as required by Ohio Revised Code § 2953.08.

Petitioner cites no provision of the United States Constitution which entitles a criminal defendant to *de novo* consideration of the bases of his sentencing.  Indeed as pleaded the claim is made under Ohio Revised Code § 2953.08.  For the reasons given with respect to Ground One, this Court cannot review a claimed error of Ohio law.  *Levine, supra.*

There is no federal constitutional right to appeal criminal verdicts for error review.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th

9

Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005); and *Jones v. Hendrix,* 599 U.S. 465 (2023).

"Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514

U.S. 115, 120 (1995).

Finally, on its face Ohio Revised Code § 2953.08 does not provide for *de novo* review, but

only for a determination whether appellant has shown by "clear and convincing evidence" that the

sentence is not supported by the record or is otherwise contrary to law. *Ayala, supra*, at ¶ 6.

Ground Three should be dismissed as not cognizable in habeas corpus.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the

Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that

the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

March 31, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the
proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #