## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

EMILIO AYALA,

                Petitioner,         :        Case No. 2:25-cv-01456

    - vs -                             District Judge Michael H. Watson
                                   Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
 Belmont Correctional Institution,

                                :
            Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Emilio Ayala to obtain relief from his conviction in the Cuyahoga County Court of Common Pleas on two counts of rape, one count of gross sexual imposition, and one count of sexual battery (Petition, ECF No. 1, PageID 2). It is before the Court on Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Report and Recommendations recommending dismissal (ECF No. 10). District Judge Watson has recommitted the case for reconsideration in light of the Objections (ECF No. 14). Respondent's time to respond to the Objections has expired, but no response has been filed.

Ayala pled the following grounds for relief in the Petition:

> **Ground One:** Consecutive Sentence is Unconstitutional Where The Trial Court Fails To Make All Required Findings Pursuant To R.C. 2929.14(C)(4) And Fails To Set Forth Evidence To Support Its Findings In imposing Consecutive Sentences

1

**Supporting Facts:** In imposing consecutive sentences, the trial court failed to make all of the required statutory findings under R.C. 2929.14(C)(4) as well as failed to set forth evidence from the record to support its findings, which resulted in an unconstitutional sentence violating Mr. Jones' constitutionally guaranteed rights provided by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Art. I, Sec. of the Ohio Constitution.

**Ground Two:** Petitioner was deprived his right to due process and effective assistance of counsel under the Sixth Amendment to the United States Constitution and Art. 1, 10 of the Ohio Constitution.

**Supporting Facts:** Petitioner argues that he received ineffective assistance of trial counsel when his attorney "failed to properly present mitigatory evidence for the trial court's consideration at sentencing." Specifically, Petitioner argues that his trial counsel "was ineffective by failing to ensure all this mitigatory evidence was properly provided to the court for consideration and also for not including it as part of the record."

**Ground Three**: The State Court of Appeals violates an Appellant's right to meaningful appellate review and its obligations pursuant to R.C. 2953.08(g)(2) when it fails to conduct the proper *de novo* review in determining whether the trial court made all required findings under R.C. 2929.14(C)(4) and whether the record contains an evidentiary basis sufficient to support each required finding.

**Supporting Facts:** The Eighth District Court of Appeals violated Petitioner's right to meaningful appellate review and its obligations pursuant to R.C. 2953.08(G)(2) when it failed to conduct the proper *de novo* review in determining whether the trial court made all required findings under R.C. 2929.14(C)(4) and whether the record contains sufficient evidentiary basis to support such findings in imposing consecutive sentences upon Petitioner.

(Petition, Doc. 1, PageID 6-9).

2

# Analysis

**Ground One:  Unconstitutional Consecutive Sentences**

In his First Ground for Relief, Ayala asserts that it was unconstitutional to sentence him to consecutive terms of imprisonment.  Ayala pleaded this claim in the Ohio Eighth District Court of Appeals solely as a matter of Ohio law, relying on Ohio Revised Code § 2929.14.  He cited no federal law and neither did the Eighth District in denying the claim.  The Report accepted Respondent's argument that alleging a violation of Ohio Revised Code § 2929.14 did not state a claim under the United States Constitution and thus was not cognizable in habeas corpus where only claims arising under the United States Constitution can be litigated.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

**Denial of Fair Trial**

Ayala first objects that a state court evidentiary finding which is egregiously wrong can constitute a denial of a fair trial (Objections, ECF No. 12, PageID 319).  For this proposition, Ayala cites *Seymour v. Walker,* 224 F.3d 542. 552 (6th Cir. 2000), where the Sixth Circuit held

> "[E]rrors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding." *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff,* 518 U.S. 37, 43, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) (quoting *Patterson v. New York,* 432 U.S. 197, 202, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)); *see also Spencer v. Texas,* 385 U.S. 554, 563–64, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

224 F. 3d at 552.  In his First Ground for Relief, Ayala is not complaining about the **admission** of some evidence in contravention of some "principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental."  He is complaining instead about the **weight** given to certain factors by the trial judge in imposing consecutive sentences.  The Eighth District Court of Appeals repeated those findings in its opinion:

{¶ 17} The court made the following findings on the record at Ayala's sentencing hearing regarding consecutive sentences:

I am imposing consecutive terms, and I'm making findings pursuant to 2929.14(C), that it is necessary to punish you by imposing consecutive terms, and that consecutive terms are not disproportionate to the seriousness of your conduct and not disproportionate to the danger you pose to the public. At least two of the multiple offenses were committed as part of one or more courses of conduct. And the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any course of conduct would adequately reflect the seriousness of your conduct.

{¶18} In this case, Ayala argues that the record does not support the court's finding that consecutive sentences were necessary to protect the public nor does the record support the court's finding that consecutive sentences were not disproportionate to the seriousness of Ayala's conduct.

{¶ 19} The prosecutor spoke at the sentencing hearing and stated that one of the victims disclosed "to a social worker at school" that Ayala had raped her when she was seven years old. The timing of the disclosure came about when she saw that Ayala "had a newborn child." Once this victim came forward, the other two victims also disclosed that Ayala sexually abused them when they were children.

{¶20} Detective Kristi Harvey of the Solon Police Department read into the record letters from two of the victims. The first victim wrote that the "suffering and emotional pain I experienced as a result of [Ayala] raping me has affected me since I was seven years old." She further wrote that she "kept this secret for seven years."  She wrote that she "felt fear for that child" who was in Ayala's care and she

"found out that [she] was not the only victim in [her] family." This victim felt "anxious, depressed, afraid" and had "trouble sleeping ... every day of [her] life."

{¶ 21} The second victim referred to Ayala as "the person who stole my childhood .... " The second victim wrote that Ayala "has continued his life as if nothing ever happened. But what he did was everything to me. This person took away my innocence when I was only five. I can't remember a single moment of living as a carefree child." The second victim "battled severe trust issues, anxiety, depression, and a lack of love and respect for" herself. According the second victim's letter, "[b]ecause this happened at the hands of a family member" she "struggle[s] to trust anyone."

{¶ 22} Defense counsel also spoke at Ayala's sentencing hearing, "outlin[ing] several factors ... that could indicate concurrent sentences .... " Defense counsel stated that Ayala "accepted responsibility for his conduct at pretty _much the earliest opportunity" by pleading guilty on April 10, 2024, after a plea offer was made to him on April 9, 2024. Defense counsel noted that some of Ayala's "conduct" occurred when "he himself was a juvenile." According to defense counsel, Ayala did not have a "criminal history" aside from these offenses. "This is not someone who has continued to go out and [wreak] havoc in the community." Defense counsel stated that Ayala "has been consistently employed" and "has been a responsible member of the community who provides for himself and his loved ones." Defense counsel also stated that "the documents that we were able to review" from CCDCFS indicate "physical and sexual abuse [of Ayala] by his biological father."

{¶ 23} The court found that "[t]hese offenses were going on" for "years and years and years." The court noted that the offenses to which Ayala pled guilty occurred from 2008 to 2016 and that the "victims would say that" Ayala was likely to reoffend. The court found that Ayala "devastated these families" and that the victims "were little kids .... Defenseless. Couldn't do anything. You had them ... terrified, traumatized, and you stole their innocence, as cliche as it sounds." The court continued:

> So when it comes to the seriousness of your conduct pretty much every sentencing factor that is statutorily to be considered applies. It's your relationship with the victims that facilitated the offense. You were in a position ... of trust where you should have been looking out for these kids. The harm is extremely significant. You heard about it. I read about it in the letters. You heard about it here

today in court. And there's no prison term that can take away what happened. If only there were.

{¶24} Upon review, we find that, by clear and convincing evidence, the record supports the trial court's findings under R.C. 2929.14(C)(4). One of the victim's letters that was read into the record stated that she "feared" for Ayala's newborn child, which weighs in favor of the court's finding that consecutive sentences are necessary to protect the public from future crime by Ayala. This statement also weighs in favor of the court's finding that consecutive sentences are not disproportionate to the danger Ayala poses to the public. Both victims' letters speak to the seriousness of Ayala's conduct, which the court found was not disproportionate to sentencing him to consecutive prison terms. Additionally, statements made at the sentencing hearing show that the three victims were between five and 11 years old when Ayala sexually abused them, which supports the court's finding that Ayala committed the offenses as part of a course of conduct. The two victim letters spoke of the "emotional pain" and devastation Ayala caused, which supports the court's finding that the "harm caused by two or more of the multiple offenses so committed was so great or unusual" that consecutive sentences were warranted. *See, e.g., State v. Walker,* 2024-0hio-1781 (8th Dist.) (affirming consecutive sentences after the defendant pled guilty to multiple counts of raping sisters, who were "minors" at the time, over a 14-year span). In *Walker,* the trial court stated the following to support its imposition of consecutive sentences:

> Regardless of your age, Mr. Walker, for you to have the desire, the ability to force sexual relations upon children increases the recidivism factors relevant to these offenses. It doesn't matter how old you are. This can never happen again to anyone else. You know what, quite frankly, your lack of criminal history is reflective of you keeping it in the house. You took it out on these girls in your house in your care. You didn't have to go out and rape people in the community because you had them at home.

*Id.* at ¶ 18.

¶ 25} Accordingly, Ayala's first assignment of error is overruled.

(Journal Entry and Opinion, State Court Record, ECF No. 4, Ex. 13, PageID 106-109).

6

The Magistrate Judge knows of no principle of justice firmly rooted in the American legal tradition which is offended by consecutive sentences for multiple rapes of multiple minor victims. Ayala's objection that he did not receive a fair trial because he was sentenced to consecutive terms should be overruled.

### Sentence by Court Without Jurisdiction

Ayala next objects that he was sentenced by a court without jurisdiction.  As authority for the proposition that a court without jurisdiction may not impose a prison sentence, Ayala cites the Report and Recommendations of the undersigned in *Hardin v. Warden, Lebanon Corr. Inst.*, 2009 U.S. Dist. LEXIS 127692 (S.D. Ohio, Jan. 21, 2009).  In that Report, later adopted by the District Court, the undersigned did indeed recite the proposition that a court without subject matter jurisdiction cannot, as a matter of due process, impose a sentence.  That remains good law.  But in *Hardin* this Court found the Common Pleas Court did have jurisdiction.  Ayala offers no argument of why the Cuyahoga County Court of Common Pleas did not have subject matter jurisdiction in this case.  The Ohio Common Pleas courts are courts of general jurisdiction, including, *inter alia*, authority to try felony charges.  Because the Cuyahoga County Court of Common Pleas had subject matter jurisdiction in this case, Ayala's second objection should be overruled.

### Ground Two:  Ineffective Assistance Of Trial Counsel

In his Second Ground for Relief, Ayala asserts he received ineffective assistance of trial counsel when his attorney did not properly present mitigating evidence at sentencing.  The Report found Ayala had presented this claim to the Eighth District on direct appeal and that its rejection of the claim was an objectively reasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984).

Ayala's objection as to Ground Two is that he was not given an evidentiary hearing in this Court on that claim (Objections, ECF No. 12, PageID 324).  However, Ayala never moved the Court to hold an evidentiary hearing.  Moreover, the discretion of a district court to hold such a hearing has been severely restricted by the Supreme Court.  *Cullen v. Pinholster,* 563 U.S. 170 (2011).  *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

Ayala's objection as to Ground Two should be overruled.

**Ground Three:  Denial of Meaningful Appellate Review**

In his Third Ground for Relief, Ayala claims he was denied his right to meaningful appellate review of the trial court's decision to impose consecutive sentences.  The Report recommended dismissal of Ground Three because there is no federal constitutional right to appellate review imposed on the States by the United States Constitution.

In his Objections, Ayala doubles back to his fair trial argument made on Ground One.  But the authority relied on there does not apply to state court appeals.  Undoubtedly there is a federal constitutional requirement that state criminal defendant receive a fair trial.  But as the authority cited in the Report shows, there is no such right as to an appeal.

Ayala relies on well-known authority holding that when a State provides an appeal, it must as a matter of equal protection, provide an indigent defendant with counsel and a transcript. *Griffin v. Illinois*, 351 U.S. 12 (1956); *Douglas v. California*, 372 U.S. 353 (1963).  But neither of those cases holds a State must provide an appeal as of right, much less that review must be *de*

8

*novo.*

Lastly Ayala asserts error in the recommended denial of a certificate of appealability (Objections, ECF No. 12, PageID 328).  Ayala's objection amounts only to an assertion that he has made a substantial showing of deprivation of a constitutional right.  The Magistrate Judge continues to disagree.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again recommends that the Petition be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 27, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.