## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Emilio Ayala,

      Petitioner,

      v.

Warden, Belmont
Correctional Institution,

      Respondent.

Case No. 2:25-cv-1456

Judge Michael H. Watson

Magistrate Judge Merz

### OPINION AND ORDER

Emilio Ayala ("Petitioner"), a state prisoner who pleaded guilty to two counts of rape, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Petition, ECF No. 1. The Magistrate Judge has issued a Report and Recommendation ("R&R") and a Supplemental Report and Recommendation ("SR&R"), recommending that the Court deny the writ. R&R, ECF No. 10; SR&R, ECF No. 15. Petitioner objected to both. Obj., ECF No. 12; Obj., ECF No. 16.

### I.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews *de novo* those parts of the Magistrate Judge's R&R and SR&R that Petitioner properly objected to. Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II.    ANALYSIS

Petitioner advanced three grounds for relief in his petition: (1) the state trial court's imposition of consecutive sentences was unconstitutional; (2) trial counsel was ineffective; and (3) the Eighth District Court of Appeals for Ohio ("Eighth District") violated Petitioner's rights on appeal.  Petition, ECF No. 1.  The Court analyzes each, noting that Petitioner's objections to the R&R and his objections to the SR&R are nearly identical such that a single analysis responds to both. *Compare* Obj., ECF No. 12, *with* Obj., ECF No. 15.

### A.    Ground One

As noted above, Ground One challenges the state trial court's imposition of consecutive sentences.  Petition 6, ECF No. 1.  Petitioner argues that the trial court failed to make the findings of fact required by Ohio Revised Code § 2929.14(C)(4)[1] and failed to support any such findings of fact with citations to evidence. *Id.*  He argues that the consecutive sentences therefore violated his Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution and violated Article I of the Ohio Constitution. *Id.*

---

[1] That statute reads, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public . . . ."

The argument that the trial court failed to make the required findings is procedurally defaulted because Petitioner conceded on direct appeal that the trial court made the required findings; he argued only that the findings were not supported by the record evidence. *See* ECF No. 4 at PAGEID # 70 ("The trial court did make the rote findings required by the statute. (T. 90)").

The Magistrate Judge recommends the Court conclude that Ground One is not cognizable and meritless.  R&R 4–5, ECF No. 10; SR&R 3–7, ECF No. 15.

Petitioner objects that the trial court erred in admitting hearsay, that a state-court's evidentiary rulings can amount to a Fourteenth Amendment due process violation, and that due process claims are cognizable in habeas proceedings.  Obj. 1–4; Obj. 2–4, ECF No. 16.  He also argues that a due process violation occurs when a court that lacks jurisdiction imposes a sentence of imprisonment.  *Id.*  Finally, he contends that the imposition of consecutive sentences was unconstitutional (presumably again in violation of the Fourteenth Amendment's due process guaranty and/or the Eighth Amendment's prohibition on cruel and unusual punishment).  *Id.*

As an initial matter, Petitioner failed to argue as part of Ground One in his petition that the state trial court either lacked jurisdiction to impose sentence or erred in admitting hearsay evidence.  He thus cannot raise those arguments in his objections to an R&R.  *Pryor v. Erdos*, No. 5:20cv2863, 2021 WL 4245038, at *8 (N.D. Ohio Sept. 17, 2021) ("It is well-established that a habeas petitioner cannot raise new claims or arguments in an objection that were not presented to the Magistrate Judge." (citations omitted)).  More importantly, though, any federal claim contained within Ground One is unexhausted (and likely procedurally defaulted) and fails on the merits.

If Petitioner had presented to this Court the same version of the argument he raised on direct appeal to the Eighth District, this Court would adopt the

Case No. 2:25-cv-1456                                   Page 3 of 15

Magistrate Judge's original recommendation to dismiss Ground One as not cognizable.  That is because Petitioner failed to raise a due process claim (or any federal claim for that matter) on direct appeal in connection with his challenge to the imposition of consecutive sentences.

Rather, on direct appeal, Petitioner challenged the consecutive sentences only on the basis that the record evidence did not support the trial court's analysis under the applicable Ohio statute.  ECF No. 4 at PAGEID ## 68–75.  Petitioner did not invoke due process, the Eighth Amendment, or cite any federal law.  *See id.*  Nor do the state cases to which he cited analyze federal due process or Eighth Amendment caselaw.  *See id.*  In fact, the purely state-law basis for his appellate argument concerning consecutive sentences stands in stark contrast against his appellate argument concerning ineffective assistance of trial counsel, in which Petitioner did expressly argue a federal due process claim and invoke federal case law.  *Id.* at PAGEID ## 75–78.

Additionally, the Eighth District Court did not analyze Petitioner's consecutive-sentence argument under any federal standard but instead analyzed his argument under only Ohio law.  Op., ECF No. 4 at PAGEID ## 102–109 ("We review Ayala's consecutive sentences under the standard set forth in R.C. 2929.14(C).").

As such, it cannot be said that Petitioner "fairly presented" any federal due process or Eighth Amendment claim on direct appeal in connection with his

challenge to the consecutive sentences.  He argued only that the consecutive sentences violated Ohio law.

This Court cannot review on habeas, however, allegations that a state court violated only state law.  *Swan v. Meko*, No. 16-5120, 2017 WL 3270780, at *1 (6th Cir. May 23, 2017) ("To the extent that Swan argues that his rights were violated under the Kentucky constitution, that claim is not cognizable on habeas review." (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)); *Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998) ("[W]hile the trial court may have violated Ohio Criminal Rule 43 in entering the nunc pro tunc order changing Floyd's sentence from concurrent to consecutive sentences in his absence, this error does not ride to a 'fundamental miscarriage of justice' or constitute a violation of procedural due process of law. Floyd has alleged a violation of a state law that is not cognizable in a federal habeas corpus proceeding.").  As such, any argument in Ground One that the trial court violated Ohio Revised Code 2929.14(C)(4) (or the Ohio constitution for that matter) is not cognizable in this habeas proceeding.

But due process and Eighth Amendment violations are cognizable in habeas, *e.g., Copley v. Fender*, No. 1:19-cv-00847, 2021 WL 2806196, at *3–5 (N.D. Ohio July 6, 2021), and this Court reads Petitioner's habeas petition as attempting to also raise a federal due process and Eighth Amendment violation in Ground One, *see* Petition, ECF No. 1 at PAGEID # 6 ("[T]he trial court failed . . .

which resulted in an unconstitutional sentence violating Mr. Jones'[2] constitutionally guaranteed rights provided by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Art. I, Sec. of [sic] the Ohio Constitution[.]").

The problem is that, although the federal due process and Eighth Amendments claims are *cognizable* on habeas review, this Court cannot consider the claims because Petitioner failed to *exhaust* them in state court.

The habeas corpus statute contains an exhaustion requirement. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). This means that a federal court cannot consider the merits of a claim on habeas review unless the applicant "exhaust[s] all potential avenues of relief available under state law prior to prosecuting a federal action for collateral review." *Linger v. Akram*, 23 F. App'x 248, 252 (6th Cir. 2001) (citation omitted); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). That exhaustion requirement is satisfied "only after the petitioner has fully litigated his or her claim(s) within the

---

[2] In an abundance of caution, the Court construes this reference to Mr. Jones as a typographical error.

state judicial system to a final dispositive adverse decree issued by the state's Supreme Court." *Linger*, 23 F. App'x at 252 (citation omitted).

"A petitioner can present a federal claim by including the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Trem v. Marquis*, No. 17-3640, 2017 WL 9545798, at *2 (6th Cir. Dec. 21, 2017) (citation modified).

Because, as shown above, Petitioner did not fairly present his due process or Eighth Amendment claims on direct appeal, they are unexhausted, and this Court cannot consider them. 28 U.S.C. § 2254(b)(1)(A).

Instead of permitting Petitioner to return to state court and attempt to exhaust those claims (which attempt would likely be precluded by *res judicata* and the limits of Ohio Appellate Rule 26(B)), this Court may alternatively deny the unexhausted claims as plainly meritless. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("[E]ven if a petitioner has good cause for that failure [to previously exhaust a claim in state court], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." (citing 28 U.S.C. § 2254(b)(2))).

As explained above, this Court is not permitted to second-guess whether the trial court violated Ohio law when it imposed consecutive sentences, as such argument would not be cognizable on habeas. *E.g. Hoffman v. Tribley*, No. 13-10868, 2013 WL 1137353, at *2 (E.D. Mich. Mar. 19, 2013) ("Regarding consecutive sentencing, the application of state sentencing laws governing consecutive sentencing does not present a federal constitutional question but merely an issue of state law which is not cognizable on habeas review." (citations omitted)).  Rather, the only cognizable claims would be that the consecutive sentences, regardless of their legality under Ohio law, violated Petitioner's federal due process or Eighth Amendment rights.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("Because federal habeas relief does not lie for errors of state law, federal habeas review of a state court's application of . . . is limited, at most, to determining whether the state court's finding was so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." (citations omitted)).

But Petitioner has not demonstrated that the imposition of consecutive sentences for two counts of rape of two different victims "was so fundamentally unfair that it violated his due process rights." *Campbell v. Schweitzer*, No. 18-3210, 2018 WL 11449339, at *2 (6th Cir. July 3, 2018)  ("Reasonable jurists would not debate the district court's rejection of this [consecutive sentences] claim because errors of state law are not cognizable in a federal habeas corpus proceeding, and Campbell has not shown that the imposition of consecutive

Case No. 2:25-cv-1456                                          Page 8 of 15

sentences was so fundamentally unfair that it violated his due process rights." (citation omitted)); *Leopard v. Turner*, No. 3:13cv556, 2013 WL 4431246, at *9 (N.D. Ohio Aug. 16, 2013) ("Concurrent sentences are not so rooted in our traditions as to be considered fundamental."); *cf. Coleman v. Koloski*, 415 F.2d 745, 746 (6th Cir. 1969) ("Whether separate and consecutive sentences can be given where more than one offense arises out of a single transaction is a matter of interpretation for the state courts."). Indeed, like the Magistrate Judge, this Court has found no Supreme Court decision holding that consecutive sentences violate due process. *Cf. e.g., Morales v. Jones*, 417 F. App'x 746, 751 (10th Cir. 2011) ("Oklahoma's approach is not uncommon; the federal statutes, as well as a number of states, employ the presumption that sentences run consecutively unless otherwise ordered. Morales presents no authority suggesting this settled and widespread practice violates constitutional norms.").

Nor do consecutive sentences amount to cruel and unusual punishment under the Eighth Amendment. *Barde v. United States*, 224 F.2d 959, 959 (6th Cir. 1955) ("There was nothing unlawful in the sentence of the court that each of the sentences was to be served consecutively rather than concurrently, and gives no rise to any meritorious contention that such a sentence constitutes cruel and unusual punishment in violation of the Constitution, as claimed by appellant.").

And even though Petitioner raised the arguments for the first time in his objections, he has likewise failed to show either that the sentencing court lacked jurisdiction over his case or that any admission of hearsay evidence (presumably

Case No. 2:25-cv-1456                                                                 Page 9 of 15

during the sentencing hearing) violated Ohio law, let alone his federal due process rights.  *See e.g.*, *Davis v. Napel*, No. 16-1567, 2016 WL 10516656, at *4 (6th Cir. Nov. 8, 2016) ("As the district court explained, a trial court's alleged error based on its interpretation of its own evidentiary rules is not cognizable on federal habeas review unless the state court's ruling is so fundamentally unfair that it amounts to a due process violation." (citation omitted)).

Accordingly, the Court concludes that any federal due process or Eighth Amendment claim in Ground One is unexhausted but elects to deny relief on the merits.

## B.    Ground Two

In Ground Two, Petitioner argues that he was deprived of his Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment right to due process when his trial attorney failed to ensure that certain Cuyahoga County Department of Children and Family Services ("CCDCFS") documents were entered into the trial-court record and failed to ensure that the trial court considered those records at sentencing.  Petition 8, ECF No. 1.  He argues that the same errors amount to a violation of the Ohio Constitution.  *Id.*

The Magistrate Judge recommends concluding that Ground Two is procedurally defaulted or, in the alternative, that the Eighth District decided this claim on the merits and that its decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law.  R&R 5–9, ECF No. 10; SR&R 7–8, ECF No. 15.

Case No. 2:25-cv-1456                                           Page 10 of 15

Petitioner objects that he should have been afforded an evidentiary hearing on this claim, but the remainder of his "objections" merely recite various propositions of law governing ineffective-assistance-of-counsel claims. *See* Obj. 4–8, 10, ECF No. 12; Obj. 4–9, 11, ECF No. 16.

On de novo review, the Court agrees that the Eighth District's merits decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law and that no evidentiary hearing was warranted.

Here, the trial court reviewed the at-issue CCDCFS records *in camera* and provided to Petitioner's counsel only those records that the court "thought was inculpatory, exculpatory, relevant, and in this case mitigatory, or had the potential of it[.]" 3/7/24 Tr. 12:9–12, ECF No. 4 at PAGEID ## 198, 201 ("I do get involved with reading the records, which is the typical way that private records are considered. The Court goes through them and then shares with counsel what they are entitled to have. And we've had a couple of meetings in chambers with both sides regarding that."). In other words, the trial court reviewed all those records and gave to Petitioner's trial counsel for discovery only those documents to which Petitioner's counsel was entitled.

Moreover, and contrary to Petitioner's assertion in Ground Two, his trial counsel specifically invoked the CCDCFS records in mitigation at sentencing. 5/10/24 Tr. 83:4–21, ECF No. 4 at PAGEID # 269. His counsel argued that the records showed how Petitioner faced neglect and both physical and sexual abuse as a child and lacked "a stable environment growing up[.]" *Id.* And the

trial court stated that it considered "everything" Petitioner's attorney argued. *Id.* at PAGEID # 273.

Petitioner's appellate argument that, "[i]f the court had considered the records, it is reasonably probable that a lesser sentence would have been imposed," *see* Appellant Br. 15, ECF No. 4 at PAGEID # 76, therefore lacks merit because the trial court *did* consider those records at sentencing.

Further, Petitioner cannot show that the omission of the CCDCFS documents from the record prejudiced his direct appeal. On direct appeal, Petitioner challenged only the consecutive nature of the sentences. As the Eighth District explained, it was required to affirm Petitioner's sentence in that regard unless it "clearly and convincingly" found that the record did not support the trial court's findings under Ohio Revised Code § 2929.14. *See* ECF No. 4 at PAGEID # 103–04. Because Petitioner failed to assert a postconviction ineffective assistance of counsel claim under Ohio Revised Code § 2953.21— with which he could have submitted the contested CCDCFS records—this Court cannot consider those records, much less conclude that inclusion of those records on appeal would have lead the Eighth District to "clearly and convincingly" find that the trial court's findings were not supported by the record. This is especially true where the Eighth District relied on evidence that *was* in the record to conclude that the trial court's findings were supported and where the Eighth District explicitly noted that mitigating evidence is not even an express factor for the trial court to consider in its consecutive/concurrent analysis. *See*

ECF No. 4 at PAGEID ## 110–12. In short, the lack of a § 2953.21 motion means that this Court has no evidence from which it could find that Petitioner was prejudiced on direct appeal.[3]

Furthermore, to the extent that Ground Two raises a violation of the Ohio Constitution, it is not cognizable on habeas for the reason addressed above. *Lewis*, 497 U.S. at 780 ("[F]ederal habeas relief does not lie for errors of state law . . . ." (citations omitted)).

Finally, because there was no factual dispute in need of resolution for purposes of deciding this claim, the Magistrate Judge did not err in failing to provide an evidentiary hearing.

Accordingly, Ground Two fails.

## C.    Ground Three

In Ground Three, Petitioner argues that the Eighth District violated Ohio law and Petitioner's "Right To Meaningful Appellate Review" because it did not conduct a de novo review on Petitioner's appeal of the imposition of consecutive sentences. Petition 9, ECF No. 1.

---

[3] The Court does not find the ineffective assistance claim entirely procedurally defaulted, though, because Petitioner raised it on direct appeal. His choice to raise it on direct appeal but not postconviction had ironic consequences due to the Eighth District being limited to reviewing only the trial record. That is, Petitioner argued on direct appeal that trial counsel's failure to admit the CCDCFS documents in the record prejudiced his direct appeal by creating an incomplete record for the Eighth District. But his attempt to prove prejudice was thwarted by the fact that, because the CCDCFS records were not in the state-court record, the Eighth District could not consider them on direct appeal for purposes of determining whether a fuller record would have made a difference to that appeal. ECF No. 4 at PAGEID # 111.

The Magistrate Judge recommends rejecting Ground Three as not cognizable because it alleges only a violation of state law.  R&R 9–10, ECF No. 10; SR&R 8–9, ECF No. 15.

Petitioner objects that his consecutive sentences violate due process.  Obj. 9–10, ECF No. 12; Obj. 9–11, ECF No. 16.  He also objects that the Fourteenth Amendment's due process and equal protection clauses require states that offer direct criminal appeals to provide indigent defendants with free copies of certain materials to aid the appeal. *Id.*

To the extent Petitioner continues to object to the imposition of consecutive sentences within Ground Three, that objection fails for the same reasons the Court denied Ground One.

Second, this case does not implicate the provision of free appellate materials or any distinction between indigent and non-indigent appellants, so the cases to which Petitioner cites are inapposite.

Third, as explained above, whether the Eighth District violated any *Ohio* law is not at issue in this habeas case.  *Lewis*, 497 U.S. at 780 ("[F]ederal habeas relief does not lie for errors of state law . . . ." (citations omitted)).

Finally, this Court is unaware of any Supreme Court opinion holding that state courts must employ a "de novo" standard of review on direct appeal of criminal sentences.  *Cf. Halbert v. Michigan*, 545 U.S. 605, 610 (2005) ("The Federal Constitution imposes on the States no obligation to provide appellate review of criminal convictions." (citation omitted)); *Miller v. Francis*, 269 F.3d 609,

Case No. 2:25-cv-1456

621 (6th Cir. 2001) ("Miller does not cite, nor are we aware of, any Supreme Court precedent vesting him with a procedural due process right to a particular standard of appellate review in the state courts" on a state postconviction motion).

Thus, to the extent that Ground Three is based on a violation of Ohio law, it is not cognizable. To the extent it argues that the state appellate court's failure to employ a de novo standard of review violated a federal constitutional right, it fails on the merits.

### III.  CONCLUSION

All three of Petitioner's grounds for relief fail. Thus, the Court **DENIES WITH PREJUDICE** Petitioner's habeas petition, ECF No. 1.

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, overrules Petitioner's objection to the R&R's and SR&R's recommendation concerning the issuance of a certificate of appealability, and **DECLINES** to issue a COA. The Court also **CERTIFIES** that any appeal would be objectively frivolous and that the Sixth Circuit should not permit Petitioner to proceed *in forma pauperis*.

The Clerk **SHALL** issue judgment for Respondent and close this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT